UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER L. WOZAB,<br><br>    Plaintiff,<br><br>v.<br><br>FLEXTRONICS AMERICA, LLC a/k/a FLEXTRONICS; DOES 1-10 AND ROES 11-20, inclusive,<br><br>    Defendant. | 2:11-cv-1612-LDG-GWF<br><br>**ORDER** |

Plaintiff's complaint alleges three claims for relief: (1) violations of the American with Disabilities Act and Nevada state law; (2) fraud; and (3) negligent hiring, training, and supervision.  Defendant Flextronics brings the instant motion to dismiss the complaint (#2, response #8, reply #10).

A.   Legal Standards

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a

cause of action" will not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions ... amount[ing] to nothing more than a formulaic recitation of the elements of a ... claim ... are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678 (2009)(internal quotation marks omitted)). The court discounts these allegations because they do "nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal,* 556 U.S. at 680-81). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal,* 556 U.S. at 677-78).

B.      Discussion

Plaintiff alleged that, in violation of the ADA, defendant discriminated against him because of his disability. Title I of the ADA prohibits private and public employers from discriminating against qualified individuals with disabilities in employment practices. *Bass v. County of Butte*,

2

458 F.3d 978, 980 (9th Cir. 2006). Specifically, the ADA prohibits an employer from discriminating against a "qualified individual on the basis of disability in regard to job application procedures, hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 1211(a). The ADA contemplates two types of discrimination: (1) disparate treatment, and (2) failure to accommodate. *See McGary v. City of Portland,* 386 F.3d 1259, 1265–66 (9th Cir. 2004). In this case, defendant's motion to dismiss principally argues that plaintiff has failed to identify the connection between his alleged disability and the purported harassment or discrimination, and has insufficiently alleged that defendant failed to provide reasonable accommodations or engage in the interactive process.

    1.    <u>Discrimination</u>

Plaintiff's discrimination claim appears to be based on the allegation that Defendant engaged in "exclusionary, discriminatory and harassing behavior towards Mr. Wozab." Specifically, plaintiff alleged the following disparate treatment: defendant forced plaintiff to "complete a day's work that consisted of standing for long periods of time which caused [plaintiff] serious pain"; defendant wrongfully marked plaintiff as a "no show"; and defendant terminated plaintiff because of plaintiff's attendance violation. Plaintiff alleges that these actions significantly affected plaintiff's compensation, terms, and condition of employment.

To state a discrimination claim for disparate treatment, a plaintiff must show that: (1) he is a disabled person within the meaning of the statute; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job he holds; and (3) that he suffered an adverse employment action because of his disability. *See Braunling v. Countrywide Home Loans, Inc.,* 220 F.3d 1154, 1156 (9th Cir. 2000).

Under 42 U.S.C. § 12102(1)(A), the inquiry into whether a plaintiff is disabled involves a three-part analysis: (1) does plaintiff have a physical or mental impairment; (2) does such impairment limit one or more of plaintiff's major life activities; and (3) is such limitation

3

substantial. *See Bragdon v. Abbott,* 524 U.S. 624, 631 (1998). Here, plaintiff alleged that "[i]n the year 2001, before employment with Defendant, Mr. Wozab injured his back, causing long term back injury and disabling condition." According to plaintiff, his "injury prevents him from regularly and materially performing daily activities including sleeping normally, walking, sitting, or standing . . . Due to his disability, Plaintiff is unable to adequately bend, squat, pull, or lift objects without extreme pain or discomfort." Finally, plaintiff alleged that his disability prevented him from "performing daily activities including sleeping normally, walking, sitting, or standing" and made him "unable to adequately bend, squat, pull, or lift objects without extreme pain or discomfort." Additionally, plaintiff alleges that he experienced "serious pain" and "was forced to take a prescription pain medication" as a result of completing "a day's work that consisted of standing for long periods of time." These allegations sufficiently claim that plaintiff was disabled and that his disability substantially limited his ability to perform a major life activity.

Regarding whether plaintiff has sufficiently alleged that he is qualified, with or without reasonable accommodation, to perform the essential functions of the job, plaintiff's complaint states that he worked for defendant from October 2008 until September 2009, and that he "had a successful working record with Defendant until the time of the unlawful employment actions that formulate the basis of this lawsuit." This factual claim adequately supports the inference that plaintiff was qualified to perform his job, with or without accommodation, despite his disability.

For purposes of a disparate treatment claim, an adverse employment action is an action that materially affects the compensation, terms, conditions, and privileges of employment. *Davis v. Team Elec. Co.*, 1080, 1089 (9th Cir. 2008) (defining adverse employment action in the context of Title VII discrimination claim). "[H]iring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits" are adverse employment actions. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761(1998) (discussing the scope of adverse employment action within Title VII).

4

As far as sufficiently identifying an adverse employment action, plaintiff alleges that defendant engaged in "exclusionary, discriminatory and harassing behavior towards [him]." Specifically, plaintiff alleges that defendant forced plaintiff to "complete a day's work that consisted of standing for long periods of time which caused [plaintiff] serious pain"; defendant wrongfully marked plaintiff as a "no show"; and defendant terminated plaintiff because of plaintiff's attendance violation. While plaintiff's allegation that he was forced to work while in pain due to his disability may amount to an adverse employment action, this allegation appears dependent upon the sufficiency of plaintiff's claims of failure to accommodate, addressed below.

Furthermore, plaintiff alleges that he was ultimately terminated for attendance violations. This allegation appears to be connected to plaintiff's assertion that his supervisor misrepresented plaintiff's work schedule and days off. Yet, the complaint indicates that such misrepresentation was made several days before plaintiff requested accommodation for his disability. This disconnect would not be particularly significant if, as plaintiff alleges, "[a]t all relevant times," he provided defendant with medical documentation of this disability and medical condition. Yet, the phrase "[a]t all relevant times" is factually too indefinite to indicate when defendant was advised of plaintiff's disability. Therefore, the court is unable to draw the inference that defendant took the alleged adverse employment actions in connection with plaintiff's disability.

2.  Reasonable Accommodation

A discrimination claim under the ADA can also arise where an employer fails to make a reasonable accommodation for an employee's disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265–66 (9th Cir.2004) (citations omitted). Specifically, "[o]nce an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." *Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1137–38 (9th Cir.2001) (citing *Barnett v. U.S. Air*, 228 F.3d 1105, 1114 (9th Cir.2000)). The interactive process

requires the following: (1) direct communication between the employer and the employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir.2001) (citations omitted). Although an employer does not need to provide the specific accommodation the employee prefers, the accommodation must be reasonable in than it enables the employee to perform the duties of his position. *Id*.

Here, plaintiff alleged that "[o]n or about September 4, 2009 and while in the employ of Defendant, Mr. Wozab requested reasonable accommodations in the workplace which include the use of a chair, breaks, and no responsible duty to lift, bend, or stand for long periods of time." As the court previously pointed out, the imprecision of plaintiff's complaint regarding the notice to defendant of plaintiff's disability introduces uncertainty into the context of when defendant knew of plaintiff's disability and how that factored into defendant's alleged refusal to reasonably accommodate before adverse employment action was taken against plaintiff. Furthermore, with respect to the allegation of failure to accommodate, the court also concludes that plaintiff has not adequately alleged how the requested accommodations may have been reasonable, to whom the purported requests were made, and why the accommodations were necessary for plaintiff to perform his job.

Plaintiff has requested that he be allowed to amend his complaint if it is found deficient. The court will grant the request. The court will address the viability of plaintiff's remaining causes of action in the context of the amended complaint. Accordingly,

THE COURT HEREBY ORDERS that defendant's motion to dismiss (#2) is DENIED without prejudice.

/ / /

/ / /

1 THE COURT FURTHER ORDERS that plaintiff shall have sixty (60) days in which to file an amended complaint resolving the inadequacies discussed herein.

DATED this ____ day of September, 2012.

_____
Lloyd D. George
United States District Judge